STATE, GEORGE WILLS ET AL., PROSECUTORS, v. CALEB A. L. SHINN.

1. A promise to make or endorse a promissory note with others, for the purpose of raising money to pay the debt of a third party, is within the statute of frauds.

2. A plaintiff cannot join in one action distinct claims against several defendants.

3. Where the state of demand, in an action against several defendants, is founded upon a promise of the defendants to make or endorse a note for the amount paid by the plaintiff for one of the parties, and the case proven showed valid but distinct claims against two of the defendants, but no amendment was made at the trial, or *nolle prosequi* entered as to all but one defendant below, a judgment entered against three will be reversed.

This writ brings up a judgment entered in an action between Caleb A. L. Shinn, plaintiff, and George Wills, William H. Wills, Moses Wills and Mary Wills, in the Court of Common Pleas of Burlington county. The action was commenced before a justice, tried before a jury, and resulted in a verdict for the defendants. It was appealed to the Common Pleas, which court reversed the judgment below, and entered a judgment for the plaintiff against the first three of the above-named defendants.

Argued at November Term, 1879, before Justices WOOD-HULL and REED.

For the prosecutors, *C. E. Merritt.*

For the defendants, *James N. Stratton.*

The opinion of the court was delivered by

REED, J. The testimony in this case upon which the respective counsel argued this cause shows the following facts, which seem to stand uncontradicted :

Caleb A. L. Shinn, the plaintiff below, had signed an ap-

peal bond in an action against George Wills, who took an appeal presumably to the Common Pleas. The condition of the bond was not kept, and Shinn was called upon to pay, and did pay, the sum of about $60.

His liability, as such surety, to pay that amount is not disputed.

Upon payment of this sum by Shinn, he had a right of action against George Wills, the principal on the bond. *Lampleigh* v. *Barthwait*, 1 *Smith's Lead. Cas.* *222, and notes; *De Colyar on Guaranties* 311.

The case against William Wills and Moses Wills rests upon the following statement of Shinn : "The defendants, George Wills, William H., Moses and Mary Wills, promised to give me their joint obligation for the amount, or William Wills promised to get this note of the other parties; I never saw Moses Wills at all about the matter; I drew up a note, which William took when we parted, after consulting with George and his wife; William was to take the note to Moses, and I presume he did so, for he brought the note back to me signed by George Wills and endorsed by William H. Wills and Moses Wills; it was endorsed by myself and the other bondsmen; it would not go in bank, so William came and took it, and tore it up in my presence; I drew another note, which George signed, and William was to take it and get Moses to sign it with him; I have never seen that note since."

It is apparent that no action can be maintained against the parties to the destroyed note. It never was delivered or had an existence as a contract. If it had been used as it was drawn to be used, namely, to be discounted in bank to raise funds to repay Shinn, he, as a co-endorser, could only have sued, upon payment of the money due upon the note, for contribution. But it never was used.

The case, then, against William and Moses is, that they promised to go on a note to help refund to Shinn the amount he had paid for George Wills. Their promise, therefore, amounted to a promise to assist in refunding to Shinn a portion of the debt which George Wills owed Shinn by reason

of his payment of the sum already mentioned, with no beneficial consideration moving to the promisors. The promise was within the terms of the statute of frauds, and is, therefore, unenforceable. *Birkmyr* v. *Darnell*, 1 *Smith's Lead. Cas.* *371 ; *Cowenhoven* v. *Howell*, 7 *Vroom* 323. And although the promise was in the shape of a promise to endorse, it was equally unenforceable. *Brown on Frauds*, § 174; *Carville* v. *Crane*, 5 *Hill* 483.

As to the defendant William, it appears that he was also one of the co-sureties upon the original appeal bond with one Eli Bowker and Joshua Jones.

Upon the payment by Shinn of the entire amount due upon the bond, an action against each of these parties for contribution accrued to him, to recover an aliquot part of the money so paid. *Stothoff* v. *Dunham*, 4 *Harr.* 181 ; *De Colyar on Guaranties* 349.

Assuming that the evidence taken at the trial was properly admissible to show the execution of the appeal bond by Shinn, William Wills and others, the case made shows this state of facts : that the plaintiff had a right of action against George for the full amount, against William for an aliquot portion of the amount, and no right of action against the rest of the defendants.

The cause of action against the two against whom any liability arises is several ; and the rule is elementary that several distinct claims cannot be included in a single suit.

Had the plaintiff, at the trial, applied for an entry of a *nolle prosequi* in regard to all except one of the defendants, it would have been within the power of the court to permit it. *Craft* v. *Smith*, 6 *Vroom* 302. And even now, under the liberal construction given to the statute authorizing amendments, it would be within the power of this court, if necessary to advance justice, to allow that to be done which should have been done below. *Price* v. *N. J. R. R. Co.*, 2 *Vroom* 229 ; *Day* v. *American Popular L. I. Co.*, 10 *Vroom* 89.

But upon an inspection of the state of demand, it appears that the action was grounded entirely upon the verbal

promise to assist George Wills to pay Shinn the money advanced.

The proof at the trial shows that the case was made thereupon that ground. Upon that ground, as we have seen, the plaintiff cannot hold his judgment. To shift the cause now to one of contribution against William, or for money paid for the principal, George, might deprive the defendant of a valid defence, upon some ground which the present phase of the action would not suggest.

The appeal bond upon which the liabilities of these parties would arise was not produced, nor its execution by the principal or sureties proven. The liability of one or all of the parties upon that bond might be a matter of contest in an action brought upon the implied liability arising from the act of the plaintiff herein in making this payment. .

I think the judgment should be reversed, with costs.